UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PRISCILLA SALINAS,

    Plaintiff,

v.

PANDA EXPRESS, INC.

    Defendant.

**JURY TRIAL DEMANDED**

## COMPLAINT AT LAW

Plaintiff Priscilla Salinas, by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint at Law against Defendant Panda Express, Inc. states as follows:

### NATURE OF ACTION

1. This is an action for damages and injunctive relief against Defendant Panda Express, Inc. ("Panda Express" or the "Company") for unlawful sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over all counts within this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 2003-5(f)(3) (right to civil action under Title VII).

3. The unlawful employment practices described herein were committed within the State of Illinois, in the place of Plaintiff's employment in Panda Express's restaurant located in Cicero, Illinois. Venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4. On July 18, 2016, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") against Defendant, alleging sexual harassment and retaliation in violation of Title VII.

5. On December 15, 2016, the EEOC issued a Dismissal and Notice of Rights, a copy of which is attached as <u>Exhibit A</u>. Plaintiff files this Complaint filed within 90 days of her receipt of the Dismissal and Notice of Rights from the EEOC.

6. Plaintiff has satisfied all conditions precedent to pursuing her claims under Title VII in federal court.

**PARTIES**

7. Defendant employed Plaintiff in the position of Counter Help at its Cicero, Illinois restaurant from in or around January 2016 until on or about May 20, 2016.

8. Defendant is a California corporation engaged in the fast food restaurant business. Panda Express has over 1,900 locations worldwide, including one restaurant in each of the United States and over a dozen restaurants in Illinois. Defendant's corporate headquarters are located in Rosemead, California.

9. The Company employs more than 24,000 employees, is engaged in an industry affecting commerce, and is an "employer" within the meaning of Title VII.

**FACTUAL ALLEGATIONS**

8. Plaintiff began working for Panda Express in the position of Counter Help in January 2016. Throughout her employment with Defendant, Plaintiff performed her job satisfactorily.

9. Defendant employed Jonathan Ornelas ("Ornelas") as a General Manager at its Cicero restaurant throughout Plaintiff's employment.

10. Ornelas was Ms. Salinas's direct supervisor from the start of Plaintiff's employment with Defendant until her employment ended on or about May 20, 2016.

11. On May 20, 2016, Ornelas and Plaintiff were the only employees present in the Cicero restaurant. Both were responsible for opening the restaurant that day.

12. While Plaintiff was filling the ice machine in the back of the restaurant, Ornelas grabbed Plaintiff, pushed her against a sink while restraining her, and began forcibly kissing her mouth and neck.

13. At the time of this assault, Plaintiff was 18 years old.

14. Plaintiff pleaded with Ornelas to stop, told him that what he was doing was wrong, and began crying. Plaintiff also tried to push Ornelas off of her, but initially was unable to.

15. While Plaintiff cried and pleaded with him to stop, Ornelas continued assaulting her and told her that he wouldn't tell anyone and to stop fighting. As he continued his assault of Plaintiff, Ornelas groped her breasts and forced his hand into her underwear.

16. Ornelas' assault lasted approximately three to four minutes, and only ended when Plaintiff was able to elbow Ornelas in the chin, run away, and lock herself in the restaurant bathroom.

17. While locked in the bathroom Plaintiff called her boyfriend, who picked her up from the restaurant and brought her to the police station immediately, where Plaintiff reported the assault.

18. On information and belief, Ornelas was arrested at the Cicero restaurant later that day.

19. On information and belief, Defendant learned of Ornelas' assault of Plaintiff on May 20, 2016, the same day it occurred.

20. As a result of the assault, Plaintiff was in great distress and psychologically unable to return to work immediately; she therefore took off May 21 and May 22, 2016.

21. On May 23, 2016, Julio Bernal, another Store Manager of the Cicero location, called Plaintiff and requested that she come to the restaurant the same day to discuss the assault with him and Alison (LNU), a human resources representative for Panda.

22. Plaintiff did attend a meeting with Bernal and Alison at the Cicero restaurant on May 23, 2016. Plaintiff provided a full account of Ornelas' assault at that time.

23. During the meeting, Alison asked whether Plaintiff wished to return to work. Plaintiff informed Alison that she did want to continue working for Defendant, and requested that she be assigned to a different location. Plaintiff believed it would be too difficult for her to return to the location where she was assaulted.

24. On or about May 23, 2016, Alison told Plaintiff that Defendant would inform her as soon as it had an opening at a restaurant other than the Cicero location.

25. In the months following the assault, many positions opened at Panda Express locations in the Cicero and Chicagoland areas. However, Plaintiff never heard from Defendant subsequent to her May 23, 2016 meeting with Bernal and Alison, despite contacting Alison several times in the subsequent months to inquire about opportunities to return to work.

26. As a result of the assault and Defendant's failure to adequately address Ornelas' harassment of her, Plaintiff suffered severe emotional distress, fear, humiliation, and loss of income.

## COUNT I – SEXUAL HARASSMENT
### In Violation of Title VII, 42 U.S.C. § 2000e

27. Plaintiff restates and incorporates Paragraphs 1 through 26 as though fully set forth herein.

28. Defendant is an "employer" within the meaning of Title VII.

29. Plaintiff was an "employee" within the meaning of Title VII.

30. By subjecting Plaintiff to a sexually aggressive, violent, oppressive, intimidating, and threatening work environment at the hands of her direct supervisor, Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex, in violation of Title VII.

31. By virtue of the foregoing, Defendant has caused Plaintiff to be subjected to an unwelcome, sexually hostile work environment, in violation of Title VII.

32. As a direct and proximate result of said acts of sexual harassment, Plaintiff has suffered and continues to suffer irreparable injury and harm.

33. Defendant's conduct was willful, wanton, and outrageous, such that the imposition of punitive damages is warranted.

WHEREFORE, Plaintiff Priscilla Salinas respectfully requests that this Court enter an order as follows:

    A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of Title VII;

    B. Enjoining and permanently restraining these violations of Title VII;

    C. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of Title VII;

    D. Awarding Plaintiff compensatory and punitive damages;

    E.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    F.  Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II – RETALIATION
### In Violation of Title VII, 42 U.S.C. § 2000e

34.  Plaintiff restates and incorporates Paragraphs 1 through 26 as though fully set forth herein.

35.  Defendant is an "employer" within the meaning of Title VII.

36.  Plaintiff was an "employee" within the meaning of Title VII.

37.  Title VII prevents employers from retaliating against employees who engage in protected activity, including by opposing conduct reasonably believed to be unlawful under Title VII.

38.  Defendant retaliated against Plaintiff for engaging in protected activity, specifically for seeking a remedy for Ornelas' sexual harassment of her that would have permitted her to continue working for Defendant.

39.  As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer irreparable injury and harm.

40.  Defendant's conduct was willful, wanton, and outrageous, such that the imposition of punitive damages is warranted.

WHEREFORE, Plaintiff Priscilla Salinas respectfully requests that this Court enter an order as follows:

    A.  Declaring that the acts and practices by Defendant, as described herein, constitute a violation of Title VII;

    B.  Enjoining and permanently restraining these violations of Title VII;

C. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of Title VII;

D. Awarding Plaintiff compensatory and punitive damages;

E. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

F. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

**Plaintiff hereby requests a jury on all issues so triable.**

Dated: March 2, 2017

Alejandro Caffarelli
Madeline K. Engel
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880

Respectfully submitted,

PRISCILLA SALINAS

By: /s/ *Alejandro Caffarelli*
Attorney for Plaintiff